```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
KARAN RAJA,                   )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No.
                              )   11-11601-NMG
COMMONWEALTH OF MASSACHUSETTS,)
        Defendant.            )
                              )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the second amended complaint of Karan Raja.  Summonses have not issued pending the Court's screening of the pleading pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons stated below, the Court orders that summonses issue as to three defendants and dismisses all claims against the remaining defendants.

I. Background

On September 13, 2011, Karan Raja filed a lengthy self-prepared complaint (69 typed pages with 50 pages of exhibits). The complaint, which was not entirely coherent, appeared to concern (1) his arrest for trespassing and making threatening statements to employees of the Boston Public Library ("BPL"); (2) his subsequent criminal prosecution and the dismissal of the charges against him; and, (3) various forms of abuse he suffered while receiving services at homeless shelters, hospitals, and welfare agencies.

Screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court held that the plaintiff had failed to state a claim

upon which relief could be granted because the complaint did not contain a "short and plain" statement of his claim, as required by Fed. R. Civ. P. 8(a)(2).

The case was subsequently dismissed after the plaintiff did not respond to the Court's order to file an amended complaint. Upon the plaintiff's representation that he had not received a copy of the order, the Court reopened the case. The plaintiff later filed an amended complaint (#15). The factual allegations in the amended complaint are substantially similar to those in the original complaint, although the amended complaint does add more defendants and contains twenty specific claims for relief. See Amend. Compl. at 14-40.[1]

## II. Discussion

### A. Court's Authority to Screen the Amended Complaint

Because the plaintiff is proceeding in forma pauperis, the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See

---

[1] Unless otherwise noted, references to pages in the amended complaint refer to the page number in the CM/ECF header at the top of the document; using page numbers provided by the plaintiff is difficult as the plaintiff submitted more than one set of introductory pages using duplicative roman numerals.

McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).  Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").  Where the court has jurisdiction under § 1331, the court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Even so, a court may decline to exercise this supplemental jurisdiction where the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).

Because the plaintiff is domiciled in the same state as some or all of the defendants, diversity subject matter jurisdiction does not exist under § 1332.  The Court must therefore consider whether Raja has stated a claim for relief under federal law.

### B.  Rule 8(a) of the Federal Rules of Civil Procedure

As the Court explained in its earlier order, to state a claim for relief a complaint must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.").

**C. Count II of the Amended Complaint**

Applying this standard, the only federal claim that Raja has

articulated is a claim under 42 U.S.C. § 1983 ("§ 1983")[2] for a violation of his Fourth Amendment right to be free from unreasonable seizure.  In Count II of the amended complaint, labeled "Unlawful Arrest," the plaintiff alleges that he was unlawfully arrested at the BPL:

> On August 24th, 2009 the Boston police officers McNulty and Kelly along with Boston public library building security director George Hulme and his assistant present "Arrested" Karan Raja "without a warrant or probable cause" on the third floor of the administrative building of Boston Public Library.

Amend. Compl. at 17-18; Raja also suggests in the legal argument in this count that the actions constituted the tort of false imprisonment.  See id. at 18.  The Court will allow Count II of the amended complaint to go forward and summonses shall issue as to Officer McNulty, Officer Kelly, and George Hulme.  Summonses shall not issue as to any other defendant who was allegedly responsible for this incident (e.g., City of Boston, Board of Trustees of the BPL) because Raja has not adequately pled the alleged misconduct of these defendants.

Count II shall not encompass the related allegations in

---

[2]This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  In order to state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the United States Constitution or other federal law.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005).

Count IV and Count VI that Raja's rights were violated when Hulme, in a criminal complaint, referred to Raja as a "middle eastern man," id. at 19, 21, or the allegations in Count XII that Officers McNulty and Kelly intentionally inflicted emotional distress on Raja because they did not use the elevator to escort him out of the BPL, see id. at 26-27.  These incidents of alleged misconduct do not rise to an actionable level.  Count II shall also not include related allegations in Count V that Raja was subject to "cruel and unusual punishment" when he was driven to court because he does not identify the person or persons responsible who engaged in this misconduct.  Id. at 20.

    **D.**   **Other Counts of the Amended Complaint**

        **1.**   **Lack of a Federal Claim**

The other nineteen counts of the amended complaint do not set forth a federal claim for a variety of reasons.  Some counts appear to be under state law, but in those counts where it appears that Raja is attempting to bring a claim under federal law, he has failed to do so.  The allegations against other state actors (Thomas Menino, Edward Davis, departments of the City of Boston and City of Cambridge) are conclusory and lack the specific factual allegations (1) from which the Court may infer that the defendants engaged in any misconduct; and (2) to which these defendants could offer a meaningful response.  Further, Attorney Steven Van Dyke is not a "state actor" for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Finally, state agencies are not liable under 42 U.S.C. § 1983.

See Will v. Mich. Dept. of State Police, 491 U.S. 58, 65-66 (1989).

### 2. Remaining State Law Claims

To the extent that the remaining state law claims, which concern the abuse Raja allegedly suffered at shelters and at Boston Medical Center, satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), they are not sufficiently connected to the only federal claim--concerning the arrest of Raja at the BPL--to warrant the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a).

### III. Conclusion

Accordingly:

(1) The Clerk shall correct the docket so that Officer McNulty, Officer Kelly, and George Hulme, and any other person named as a defendant in the amended complaint is included on the docket. See Amend. Compl. at 14-15.

(2) Summonses shall issue as to Officer McNulty, Officer Kelly, and George Hulme. The plaintiff shall have 120 days from the date of this Memorandum and Order to complete service on these defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Failure to timely serve the defendants may result in dismissal of the action.

(3) If Raja elects to have service completed by the United States Marshals Service, the United States Marshal shall serve a copy of the summons, amended complaint, and this order upon the defendants as directed by plaintiff with all costs of service to

be advanced by the United States.

(4) Defendants McNulty, Kelly, and Hulme shall only be required to respond to Count II of the Amended Complaint, the scope and pages of which are identified above.

(5) All other claims and defendants in this action are DISMISSED.

(6) The motion to expedite (#18) shall be terminated as moot.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated: 8/16/2013