```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| KARAN RAJA,<br>         Plaintiff,<br><br>     v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>         Defendant. | Civil Action No.<br>11-11601-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

Before the Court is the "Memorandum and Order on Plaintiff's Motion for Recusal of Judge Nathaniel M. Gorton" (#23) filed by plaintiff Karan Raja. Because the Clerk did not receive a motion for recusal, the Court will construe the memorandum as a motion for recusal. For the reasons set forth below, the motion is DENIED.

Section 445 of Title 28 of the United States Code provides, in relevant part, that a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Raja appears to argue that the Court has demonstrated impartiality or bias because of the length of time of the screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and the dismissal of most of the claims set forth in the second amended complaint was without "any factual ground or verification of the facts." Mot. (#23) at 5. Raja feels that he

has been denied due process.

Raja has not shown, and there does not exist, a basis for recusal.  Although the Court can understand that Raja is disappointed that the bulk of his claims have been dismissed, the Court's narrowing of Raja's complaint was in accordance with the Federal Rules of Civil Procedure and the laws governing subject matter jurisdiction.  It was not the result of bias or prejudice.  Further, contrary to Raja's suggestion, it would have been entirely inappropriate for the Court to independently verify Raja's allegations.

Accordingly, the motion for recusal is <u>DENIED</u>.  However, if he so desires, Raja may seek to amend his complaint in accordance with Rule 15(a) of the Federal Rules of Civil Procedure.

The Court notes that in its August 16, 2013 memorandum and order (#20), the Court ordered Raja to complete service on the three remaining defendants within 120 days.  However, the summonses issued on August 21, 2013 and mailed to the plaintiff with forms and instructions for service by the United States Marshals Service were returned as "unclaimed" to the Clerk on September 17, 2013.  The Clerk shall therefore reissue the three summonses and Raja shall have 60 days from the date of this order to complete service.  If Raja fails to complete service by February 11, 2014, the action may be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 4.1.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 12/13/13